**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

BABAC MAHALLATI

Plaintiff,

vs.

L & A ALTON CORP

Defendant.

---

# COMPLAINT

---

Plaintiff Babac Mahallati, by and through his undersigned counsel, hereby sues Defendant L & A Alton Corp. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189 and pursuant to Title II of the ADA 42 U.S.C. §12134(c) and §12204. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

3. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

## PARTIES

5. Babac Mahallati (hereinafter referred to as "Plaintiff") is a resident of the state of Florida. The Plaintiff suffers from a spinal cord injury and requires a wheelchair for mobility, thus Plaintiff suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

6. Defendant L & A Alton Corp. (also referenced as "Defendant," "Lessor," or "Owner") is authorized to conduct, and is conducting business within the State of Florida.

## FACTS

7. Defendant L & A Alton Corp. is the owner of a complex of buildings (real property) located at 1530 Alton Road Miami Beach Florida and adjacent property located at 1526 Alton Road Miami Beach Florida, which is referenced throughout as "1530 Alton Road shopping complex," "shopping complex," "Subject Facility," or "place of public accommodation".

8. The 1530 Alton Road shopping complex consists of a strip shopping center which houses tenants being housing the shopping center containing Apple A Day

market, China Moon restaurant, Best Dry Cleaners, and Razzle-dazzle barber shop. The 1530 Alton Road shopping complex consists of property/land folio numbers 02-3234-018-0600 and 023234-018-0610, which are both owned by the Defendant.

9. The 1530 Alton Road shopping complex also contains a parking lot (land within folio number 02-3234-018-0600) for the use of patrons of the businesses contained within the shopping complex (folio numbers 02-3234-018-0600 and 02-3234-018-0610). Patrons of the businesses within that shopping complex are the general public. Parking is at a premium in Miami Beach such that the parking lot is an integral part of the public's ability to patronize the businesses within the 1530 Alton Road shopping complex (folio numbers 02-3234-018-0600 and 02-3234-018-0610).

10. Defendant leases space within its strip shopping center to a: i) tenant who operates "Apple A Day" food market (grocery store), ii) tenant who operates the "China Moon restaurant", iii) tenant who operates "Best Dry Cleaners", and iv) tenant who operates a barber shop known as "Razzle-dazzle." Each of the tenant businesses is a "place of public accommodation."

11. As "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," "Apple A Day" is a is a place of public accommodation under 42 U.S.C. §12182, §12181(7)(E).

12. As "a restaurant, bar, or other establishment serving food or drink," China Moon restaurant" is a place of public accommodation under 42 U.S.C. §12182, §12181(7)(B).

13. As "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer,

pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment," "Best Dry Cleaners" is a place of public accommodation under 42 U.S.C. §12182, §12181(7)(F).

14. As "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment," "Razzle-dazzle" is a place of public accommodation under 42 U.S.C. §12182, §12181(7)(F).

15. As the owner and lessor (to others) of a building which is open to the general public as a grocery store, restaurant, dry cleaners and a barbershop, Defendant is defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §§s 12181(7)(B),(E), and (F), and the Florida Civil Rights Act, codified as Title XLIV.

16. Plaintiff lives and works in the area where Defendant's 1530 Alton Road shopping complex is situated. Plaintiff has had occasion to patronize the 1530 Alton Road shopping complex and the businesses located therein on many occasions within the past twelve months prior to filing this instant action.

17. On repeated occasions, the Plaintiff has been denied full and equal access to the businesses within the 1530 Alton Road shopping complex due to the barriers to access within the parking lot and entry to the various businesses. The sidewalk into the various tenants contains a step up which does not permit an individual in a wheelchair to access the sidewalk from the parking lot directly to each of the attendant businesses.

18. Entry to Defendant's shopping complex is only available for an individual in a wheelchair by the sidewalk side of each entrance (either at Alton public sidewalk or

at the 15th Street public sidewalk); and there is no signage so designating handicapped access.

19. Furthermore, access even through the sides of the parking lot (which is not the shortest path to travel as required by the ASDA) is impeded and denied to individuals in wheelchairs because the width of the sidewalk leading to each of the attendant business is not of the required width and is also obstructed such that entry to the shopping complex is impeded for individuals confined to wheelchairs. There are also no signs delineating the handicap accessible entrance to the places of public accommodation with the shopping center.

20. Furthermore, the slope of the parking lot at 1530 Alton Road is not in compliance with ADA requirements, and the handicapped parking space dimensions and markings is also not in compliance with ADA standards for accessible design.

21. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities of the shopping center by the owner/lessor of those places of public accommodation within the shopping center.

22. As a result of the Defendant's discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

23. Any and all requisite notice has been provided.

24. The Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-24 herein above.

26. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

27. Congress found, among other things, that:

> (i) some 43,000,000[1] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

> discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
>
> 42 U.S.C. §12101(a)(1)-(3), (5) and (9).

28. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
>
> 42 U.S.C. §12101(b)(1)(2) and (4).

29. Defendant is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the owner and lessor of a building (real property) which contains a grocery store, a restaurant, a dry cleaners", and a barber shop, which are all open to the public and are all places of public accommodation. Thus the building (real property) qualifies as a place of public accommodation. As such, the owner of the building which leases the retail space to the tenants therein is governed by the ADA, and must be in compliance therewith.

30. Defendant L & A Alton Corp. (owner/lessor of the Subject Facility) has discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

31. Defendant L & A Alton Corp., the owner and lessor of the shopping complex has discriminated (and continue to discriminate) against the Plaintiff (and others

who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations of the shopping complex, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq. by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

32. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

33. Prior to the filing of this lawsuit, the Plaintiff personally visited the 1530 Alton Road shopping complex owned and operated by Defendant L & A Alton Corp. (lessor), with the intention of patronizing those places of public accommodation located therein. But (as an individual with a disability who utilizes a wheelchair for mobility), the Plaintiff has been denied adequate accommodation by virtue of not being able to access those attendant businesses due to the shopping complex's inaccessible features (within its parking lot and sidewalk leading to the businesses locate therein), and therefore suffered an injury in fact.

34. The Plaintiff continues to desire to patronize the 1530 Alton Road shopping complex, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the 1530 Alton Road shopping complex, in violation of the ADA.

35. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans

with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

36. The commercial space which is owned by Defendant L & A Alton Corp. (owner/lessor) houses the grocery store, restaurant, dry cleaners, barber shop, and the parking lot which services those attendant businesses. This commercial space is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i. the slope of the parking lot (at folio number 02-3234-018-0610) is in violation of 28 C.F.R. Part 36, and the 2010 ADA Standards for Accessible Design at §§s 403, 403.4;

ii. the designated handicapped parking space (at folio number 02-3234-018-0610) is in violation of 28 C.F.R. Part 36 Section, and the 2010 ADA Standards for Accessible Design at § 502;

iii. there is lack of signage for handicap accessible route (at folio numbers 02-3234-018-0600 and 02-3234-018-0610); failure to provide signage indicating location of an accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c) and ADA/ABA Design Compliance Code §216.6;

iv. the accessible entrance (one at folio number 02-3234-018-0600 and one at folio number 02-3234-018-0610) does not have signage displayed with the international symbol of accessibility, indicating the location of an accessible

entrance, in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §216.6;

v. the entrance to each of the attendant shops (at folio numbers 02-3234-018-0600 and 02-3234-018-0610) consist of a curb ramp which represents an insurmountable barrier to independent entry by the Plaintiff and other individuals who are mobility impaired, use walkers, wheelchairs, or electronic scooters and is in violation of 28 C.F.R. Part 36, and the 2010 ADA Standards for Accessible Design at §§s 405 and 406; and

vi. the path to travel along the sidewalk (at folio numbers 02-3234-018-0600 and 02-3234-018-0610) is obstructed, and width is in violation of 28 C.F.R. Part 36, and the 2010 ADA Standards for Accessible Design at § 403 (see §403.5.1 "clear width").

37. More access barrier violations may be present, which will be determined and proven through the discovery process.

38. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendant required to make its commercial space, being the 1530 Alton Road shopping complex (a place of public accommodation), accessible to persons with disabilities since January 28, 1992. The property owner/lessor Defendant L & A Alton Corp. has failed to comply with this mandate.

39. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to

the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Babac Mahallati hereby demands judgment against the property owner/lessor Defendant L & A Alton Corp. and requests the following injunctive and declaratory relief:

a) The Court declares that the property owner/lessor Defendant L & A Alton Corp. is violative of the ADA and order the restaurant to be closed to the public until such time as it is deemed by this Court to be accessible;

b) The Court enter an Order requiring the property owner/lessor Defendant L & A Alton Corp. to alter the 1530 Alton Road shopping complex parking lot (at folio number 023234-018-0610), sidewalk to the attendant businesses, and entry from the parking lot to each attendant business (at folio numbers 02-3234-018-0600 and 023234-018-0610), and to provide signage for handicap entry points, such that the 1530 Alton Road shopping complex is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing the owner/lessor Defendant L & A Alton Corp. to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, and to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and

other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court awards such other and further relief as it deems necessary, just and proper.

**COUNT II - VIOLATION OF FLORIDA STATUTE §760**

40. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-24 herein above.

41. The owner/lessor Defendant L & A Alton Corp. has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

42. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Babac Mahallati respectfully prays that this Court grant the following relief against the owner/lessor Defendant L & A Alton Corp. including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of Defendant L & A Alton Corp. (as owner/lessor) has violated Florida Statue §760 in that the Defendant has failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law at the 1530 Alton Road shopping complex;

b) An Order mandating that the Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications to the 1530 Alton Road shopping complex to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 26th day of April, 2017.

Respectfully submitted,

*s/Scott R. Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
inbox@dininlaw.com
*Counsel for Plaintiff*